# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| KELVIN UNDERWOOD, | |
| Plaintiff, | |
| v. | Case No. 3:16-CV-837 JVB |
| SHARON HAWK, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Kelvin Underwood, a pro se prisoner, is suing eight defendants "for retaliation and denial of federal funded programs." DE 1 at 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Underwood alleges that he was removed from a substance abuse program on September 21, 2012. He alleges that his cell assignment was changed on October 31, 2012, April 1, 2013, and September 20, 2013. He alleges that he was removed from an education program on March 18, 2014, and July 25, 2014. He alleges that all of these things were done to him in retaliation for his having exercised his First Amendment rights. Assuming for the sake of argument that he could have stated a claim based on those events, it is too late to bring any of those claims now. Indiana's two-year limitations applies to these claims. *Behavioral Inst. of Ind. v. Hobart City of*

*Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). This complaint was not signed until December 5, 2016. Therefore, these claims are untimely. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Foundation, Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 674 (7th Cir. 2009).

Finally, he alleges that in January 2015, he was placed in a Department of Labor Apprenticeship program rather than an education program. He does not allege by whom or why. As such this does not state a claim. Though it is unclear why he waited 23 months after that event to file this complaint, it is clear that it is now too late to file an amended complaint naming a defendant because "plaintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

None of the claims asserted in this complaint are timely and it will be dismissed because it is frivolous to sue defendants after the statute of limitations has expired. Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass' n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the Court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because it is frivolous.

**SO ORDERED** on February 15, 2017.

                                                s/ Joseph S. Van Bokkelen
                                                JOSEPH S. VAN BOKKELEN
                                                UNITED STATES DISTRICT JUDGE